12-1925-cr
United States v. Daniels

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                           Chief Judge,
          JOSÉ A. CABRANES,
          CHESTER J. STRAUB,
                           Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                          12-1925-cr

RASHEED DANIELS,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              JAMES E. LONG, Albany, New York.

FOR APPELLEE:               PAUL D. SILVER (Robert A. Sharpe, on the brief), Assistant United States Attorneys, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Rasheed Daniels, after pleading guilty to one count of conspiracy to possess with the intent to distribute more than 28 grams of cocaine base and more than 500 grams of cocaine, was sentenced by the United States District Court for the Northern District of New York (Suddaby, J.) to 262 months' imprisonment. He appeals the sentence, primarily challenging his categorization as a career offender. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Daniels argues that his 1994 youthful offender adjudication in New York, for the sale of crack cocaine, should not be counted as an adult felony to support his classification as a career offender (resulting in a higher Guidelines range of 262 to 327 months). This argument is foreclosed by United States v. Jones, 415 F.3d 256 (2d Cir. 2005).

To the extent that Daniels argues that the district court should have departed from the career offender Guidelines range, we review the district court's determination for an abuse of discretion. But "[a] district court's refusal to depart downward is generally unreviewable on appeal, unless its action falls within a few narrow exceptions to the general rule," for example, if the court mistakenly believes it does not have authority to make a departure. United States v. Duverge Perez, 295 F.3d 249, 255 (2d Cir. 2002) (internal citation omitted). The district court considered Daniels's arguments for a downward departure, but found that Daniels's extensive criminal history justified the enhancement. Daniels presents no evidence that the district court abused its discretion in declining to depart downward, or that the court mistakenly believed it lacked authority to do so.

For the foregoing reasons, and finding no merit in Daniels's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                         FOR THE COURT:
                                         CATHERINE O'HAGAN WOLFE, CLERK